UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LAL BHATIA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>OFFICE OF THE UNITED STATES ATTORNEY, NORTHERN DISTRICT OF CALIFORNIA, AND DOES 1-50,<br><br>　　　　Defendants. | Case No: C 09-5581 SBA<br><br>**ORDER DENYING: (1) PLAINTIFF'S MOTION FOR IMPOSITION OF CRIMINAL PENALTIES; (2) PLAINTIFF'S MOTION TO EXPEDITE RESOLUTION OF MOTION; AND (3) DEFENDANT'S MOTION FOR BRIEFING SCHEDULE ON MOTION**<br><br>Docket 6, 11, 17, 22<br><br>Related to:  CR 05-0334 SBA |

　　　　Plaintiff Lal Bhatia ("Bhatia") and three other individuals presently are under federal indictment for wire fraud, 18 U.S.C. § 1343, and money laundering, 18 U.S.C. § 1957(a).  See United States v. Bhatia, et al., CR 05-334 SBA.  That case remains pending before this Court.

　　　　On November 24, 2009, Bhatia, acting pro se, filed the instant action against the Office of the United States Attorney based on allegations that Assistant United States Attorney Stephen Corrigan ("AUSA Corrigan") and Federal Bureau of Investigation Agent Janet Berry ("Berry") presented "inaccurate" facts to the grand jury in the course of obtaining the indictment against him in the criminal matter.  Though not entirely clear, it appears that Bhatia is alleging that AUSA Corrigan and Berry violated the Privacy Act by refusing to correct the "factual inaccuracies" that led to his indictment.[1]  Defendant has filed a motion to dismiss

---

[1] The Privacy Act, 5 U.S.C. § 552a(e)(5) requires agencies to ensure that any records used in "making any determination about any individual" are "maintain[ed] ... with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination."  5 U.S.C. § 552a(e)(5).  Section 552a(d) requires agencies to entertain requests for amendment of records that are not "accurate, relevant, timely, or complete."  Id. § 552a(d)(2).

pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of jurisdiction and for failure to state a claim, respectively.  The motion is fully briefed and is scheduled for hearing on July 20, 2010.

On February 10, 2010, Bhatia filed a "Motion to Assess Criminal Penalties Pursuant to 5 U.S.C. § 552a(i)(1) or in the Alternative to Initiate Disciplinary Proceedings Pursuant to Civil Local Rule 11-6 et seq. Against Asst. United States Attorney Stephen G. Corrigan."  (Docket 6.)  Under the Privacy Act, criminal penalties may be imposed against federal officials who willfully disclose a record in violation of the Act.  5 U.S.C. § 552a(i)(1).  Under Local Rule 11-6, the Court may initiate disciplinary proceedings against an attorney "[i]n the event that a Judge has cause to believe that an attorney has engaged in unprofessional conduct …."

Before considering the merits of Bhatia's motion, the Court must first determine whether subject matter jurisdiction is present.  See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988) (jurisdiction is a threshold inquiry before the adjudication on the merits).  Given the pendency of Defendant's motion to dismiss for lack of subject matter jurisdiction, it is premature to consider Bhatia's request for imposition of criminal penalties under the Privacy Act.  As for Bhatia's alternative request to initiate disciplinary proceedings against AUSA Corrigan, the Court finds no factual basis to support such a request.  Thus, Bhatia's motion for imposition of criminal penalties or alternatively to initiate disciplinary proceedings is DENIED.[2]  Accordingly,

IT IS HEREBY ORDERED THAT:

1.   Bhatia's Motion to Assess Criminal Penalties Pursuant to 5 U.S.C. § 552a(i)(1) or in the Alternative to Initiate Disciplinary Proceedings Pursuant to Civil Local Rule 11-6 et seq. Against Asst. United States Attorney Stephen G. Corrigan (Docket 6) is DENIED.

2.   Bhatia's Motion to Expedite Assessment of Criminal Penalties Against AUSA Corrigan (Docket 22) is DENIED as moot.

---

[2] Defendant filed its opposition to Bhatia's motion for imposition of criminal penalties on May 13, 2010.  In light of the Court's ruling, Bhatia's related motion for expedited resolution of his motion and Defendant's two motions to set a briefing schedule on the same are DENIED as moot.

3. Defendant's Administrative Motions to Set Briefing Schedule for Plaintiff's Motion (Docket 11, 17) are DENIED as moot.

4. The hearing on Defendant's Motion to Dismiss (Docket 12, 16) presently scheduled for July 20, 2010 is VACATED. Pursuant to Federal Rule of Civil Procedure 78(b), the Court will adjudicate the motion without oral argument. The Court notes that since the motion has been fully briefed, <u>no further "memoranda, papers or letters may be filed [in connection with the motion to dismiss] without prior Court approval.</u>" Civ. L.R. 7-3(d) (emphasis added). Failure to comply with this Order may result in the imposition of sanctions.

5. This Order terminates Docket 6, 11, 17 and 22.

IT IS SO ORDERED.

Dated: May 17, 2010

                                                  SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

LAL BHATIA,

       Plaintiff,

 v.

OFFICE OF THE UNITED STATES
ATTORNEY et al,

       Defendant.
                                      /

Case Number: CV09-05581 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 19, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lal Bhatia Reg. No. 97562-011
TCI- Taft
P.O. Box 7001
Taft, CA 93268

Dated: May 19, 2010
                                     Richard W. Wieking, Clerk

                                            By: LISA R CLARK, Deputy Clerk