MELINDA HAAG (CSBN 132612 )
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
CLAIRE T. CORMIER (CSBN 154364)
Assistant United States Attorney

   150 Almaden Blvd., Suite 900
San Jose, California 95113
Telephone: (408) 535-5082
FAX: (408) 535-5081
claire.cormier@usdoj.gov

Attorneys for Defendants,
United States Attorney's Office
and the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LAL BHATIA, | Case No. C 09-05581 SBA |
|     Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR AN ORDER FINDING PLAINTIFF A VEXATIOUS LITIGANT** |
| v. | |
| OFFICE OF THE UNITED STATES ATTORNEY, NORTHERN DISTRICT OF CALIFORNIA, AND DOES 1-50, | Date: November 16, 2010
Time: 1:00 p.m.
Courtroom 1, 4th Floor
Hon. Saundra Brown Armstrong |
|     Defendants. | |

### NOTICE OF MOTION

TO PLAINTIFF LAL BHATIA:

PLEASE TAKE NOTICE that on November 16, 2010, at 1:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 1, 1301 Clay Street, Oakland, California, the Hon. Saundra Brown Armstrong presiding, defendants United States Attorney's Office for the Northern District of California ("USAO") and United States of America will appear and move the Court for an order finding plaintiff Lal Bhatia to be a vexatious litigant and restricting Bhatia from filing certain future actions without prior court order.

1  This motion is brought on the grounds that plaintiff Bhatia has filed and continues to file
2  frivolous pleadings, complaints, and motions, including the complaint in the instant case, which
3  pleadings, complaints, and motions are numerous, abusive, and harassing in violation of the
4  holdings of *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007) and *DeLong v.*
5  *Hennessey*, 912 F.2d 1144 (9th Cir. 1990).  This motion is based upon this Notice of Motion, the
6  accompanying Memorandum of Points and Authorities, the Declaration of Claire T. Cormier and
7  Request for Judicial Notice ("Cormier Decl."), filed herewith, on the pleadings and papers on file
8  herein and in the cases referenced in the Cormier Declaration, and upon such other and further
9  evidence as the Court may deem just or proper.

**RELIEF SOUGHT BY DEFENDANTS**

11  Defendants move for an order declaring plaintiff Lal Bhatia to be a vexatious litigant and
12  requiring him to obtain leave of this Court prior to filing further *in propria persona* civil actions
13  against any federal parties, including but not limited to Assistant United States Attorney Stephen
14  G. Corrigan, FBI Agent Janet Berry, the United States of America, the Office of the United
15  States Attorney for the Northern District of California, the United States Department of Justice,
16  the Federal Bureau of Investigation, the Attorney General of the United States, the United States
17  Attorney for the Northern District of California, or any Assistant United States Attorneys for the
18  Northern District of California.

**MEMORANDUM OF POINTS AND AUTHORITIES**

20  **I.     INTRODUCTION**
21  This Court has already found plaintiff Lal Bhatia to be "an *abusive* litigant."  The Court
22  made this finding in denying a motion for an order declaring Bhatia a vexatious litigant.  That
23  motion was brought by the defendants in a civil case filed by Bhatia against Manmohan K. Wig
24  and Wig Properties, LLC (hereinafter collectively "Wig").  *See Bhatia v. Wig*, Case No. CV-10-
25  00072 SBA.  In denying Wig's motion, this Court noted the many frivolous motions and other
26  filings by Bhatia against AUSA Corrigan and FBI Agent Berry and related federal entities.
27  However, the Court determined that it should not issue a pre-filing order for the benefit of Wig
28  based on complaints and filings in other actions in which Wig was not a party.

DEFENDANTS' MOTION FOR ORDER FINDING PLAINTIFF A VEXATIOUS LITIGANT
Case No. C 09-05581 SBA                    -2-

Here there is no such impediment. Given Bhatia's history of "repeated and prolific" motions and other filings in which he makes what the Court has determined to be frivolous accusations against AUSA Corrigan and FBI Agent Berry, a pre-filing order relating to civil actions against Corrigan, Berry, and related federal entities is necessary and appropriate.

## II. STATEMENT OF FACTS

The present case is connected in varying degrees to other civil and criminal matters, all involving Lal Bhatia as either a plaintiff or a defendant. *See* Cormier Decl. and Exhibits A through H. As discussed in defendants' pending motion to dismiss, and as well-documented in a vexatious litigant motion brought against Bhatia in a related case[1], Bhatia has a long history of repeatedly and frivolously arguing that the search warrant leading to his original indictment and conviction was procured by material falsehoods, that the second criminal prosecution is barred by res judicata and collateral estoppel, that the Court should commence disciplinary proceedings against AUSA Corrigan, and that, in general, Bhatia is innocent and all of the criminal charges against him are a big conspiracy involving AUSA Corrigan, Agent Berry, and others.

Rather than repeat the long history of Bhatia's many attempts at virtually the same arguments, defendants respectfully refer the Court to the motion and supporting papers filed in *Bhatia v. Wig, et al.*, Case No. CV-10-00072 SBA, Docket Number 42, copies of which are attached to the Cormier Declaration as Exhibits I through L. In particular, defendants refer the Court to pages 1 through 9 of Wig's motion, which describe the history of Bhatia's frivolous filings in some detail. It is particularly noteworthy that, even in *Bhatia v. Wig*, a case with *no federal parties*, Bhatia filed a motion to commence disciplinary proceedings against AUSA Corrigan. *See* Case No. CV-10-00072 SBA, Docket Nos. 10-13.

In denying Wig's motion, this Court noted:

> There can be no legitimate dispute that Bhatia is an *abusive* litigant. The record in the various criminal and civil actions involving Bhatia is littered with his repeated and prolific motions and other requests in which he frivolously accuses the AUSA Corrigan and [FBI Agent] Berry of engaging in a fraudulent conspiracy with Wig (among others) to prosecute him for

---

[1] *See* Docket No. 42 in *Bhatia v. Wig, et al.*, Case No. CV-10-00072 SBA.

DEFENDANTS' MOTION FOR ORDER FINDING PLAINTIFF A VEXATIOUS LITIGANT
Case No. C 09-05581 SBA                -3-

>  swindling his family and others out of millions of dollars. Nonetheless, other than the instant case, [the Wig defendants] were not parties to the other actions in which Bhatia submitted the offending filings. [The Wig defendants] have cited no legal authority to support the conclusion that the Court may, or that it is appropriate to, impose a pre-filing order preventing Bhatia from submitting further filings against them, based on complaints and filings in other actions in which these defendants were not parties. C.f., *Stone v. Maricopa County*, 2008 WL 4446697 at *7 (D. Ariz. Sept. 8, 2008) (imposing vexatious litigant ordered based on plaintiff's "history of filing and re-filing the same claims against the *same defendants* involving the same two fact patterns") (emphasis added).

*See* Order: (1) Granting Defendants' Motion For Summary Judgment; (2) Denying Plaintiff's Motion for Partial Summary Adjudication; and (3) Denying Defendant's Motion for an Order Finding Plaintiff a Vexatious Litigant, Case No. CV-10-00072 SBA, Docket No. 62 (hereinafter "Wig Summary Judgment Order") at 16 (emphasis in original).

Bhatia has continued his frivolous filings, and the Courts have consistently rejected his arguments, which he repackages under different titles and with varying legal theories.

In the pending criminal case (Case No. CR-05-00334-SBA ), on June 4, 2010, Bhatia, through counsel, filed two motions to dismiss the indictment. Though one of those motions (Docket No. 485-1) is nominally based on alleged Speedy Trial Act violations, it also alleges that Corrigan and Berry fabricated evidence and requests the Court to commence disciplinary proceedings against AUSA Corrigan. The other motion to dismiss is based on allegations of "material falsehoods" by Corrigan and Berry. *See* Docket No. 486-1. After the Court denied the latter motion on July 13, 2010 (*see* Docket No. 507), Bhatia filed an interlocutory Notice of Appeal on July 15, 2010. *See* Docket No. 511.

In a previously dismissed civil case, Bhatia filed a motion requesting disciplinary action against AUSA Corrigan on May 5, 2010. *See* Case No. CV 07-2054 CW, Docket Nos. 67-69. The motion was denied. *See* Docket No. 71. Bhatia filed essentially the same motion in another previously dismissed case, also on May 5, 2010. *See* Case No. CV 08-4208 SBA, Docket Nos. 34-36. In denying the motion, this Court noted that, jurisdictional issues aside, "the motion merely repeats Bhatia's prior meritless filings in this and his other civil case." *See* Docket No. 39 at 3.

1  Bhatia has also continued his frivolous filings in the instant case. On May 7, 2010,
2  Bhatia filed a motion to expedite assessment of criminal penalties against AUSA Corrigan. *See*
3  Case No. CV 09-05581 SBA, Docket No. 22. After this Court denied that motion (and other
4  previous related motions) on May 19, 2010 (*see* Docket No. 25), Bhatia filed a Petition for Writ
5  of Mandamus with the Ninth Circuit, once again making the same arguments about allegedly
6  fabricated evidence. *See* Docket No. 27.

7  There is a very reasonable basis to believe that Bhatia will continue filing frivolous cases.
8  In addition to the general likelihood that Bhatia's history of abusive litigation will continue,
9  Bhatia has submitted administrative tort claims, a prerequisite to filing a Federal Tort Claims Act
10 case. *See* Cormier Decl. Exhibits M and N.

11 **III.   ARGUMENT**

12 Federal courts have the inherent power to regulate the activities of vexatious litigants. *De*
13 *Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). Under the power of 28 U.S.C. §
14 1651(a), courts may restrict litigants with abusive and lengthy histories from filing further
15 actions. *Id*. A court may restrict such litigants' future filing of actions or papers provided that it
16 (1) gives the litigant an opportunity to oppose the order before it is entered; (2) creates an
17 adequate record for review; (3) makes substantive findings as to the frivolous or harassing nature
18 of the litigant's actions; and (4) drafts an order that is narrowly tailored to prevent the litigant's
19 abusive behavior. *Id*. at 1145-48; *see also Molski v. Evergreen Dynasty Corp*., 500 F.3d 1047,
20 1056-1062. The first two factors are procedural considerations that define the method the
21 District Court should use to assess whether to declare a party a vexatious litigant and enter a pre-
22 filing order. *Molski*, 500 F.3d at 1057-1058. Factors three and four are substantive
23 considerations for the District Court to consider in determining who is, in fact, a vexatious
24 litigant and in constructing "a remedy that will stop the litigant's abusive behavior while not
25 unduly infringing the litigant's right to access the courts." *Id.* at 1058.

26 Bhatia's actions and the remedy proposed in this motion satisfy each of the *De*
27 *Long/Molski* factors.
28 //

### A. Bhatia Has Been Given Notice And An Opportunity To Be Heard

As required by this Court's Local Rules and the Court's schedule, this motion is being noticed more than 35 days in advance. Bhatia therefore has an ample opportunity to present his arguments in opposition to the motion.

### B. There Is An Adequate Record For Review

This motion and its supporting papers list the many cases in which Bhatia has brought frivolous claims and motions and describe his repeated attempts at making the same arguments over and over again. These provide an ample record from which the Court can make its findings.

### C. Bhatia's Actions Are Frivolous and Harassing

This Court has already found Bhatia to be an "abusive litigant" who has brought "repeated and prolific motions and other requests in which he frivolously accuses" Corrigan and Berry of participating in a fraudulent conspiracy to prosecute Bhatia. *See* Wig Summary Judgment Order at 16. When Bhatia's complaints are dismissed and motions are denied, he repackages them under a different title or in a different case and makes the same frivolous arguments again, forcing the parties and the Courts to spend untold hours responding to his claims. Bhatia has even sought disciplinary action against Corrigan in an action with no federal parties. *See Bhatia v. Wig*, Case No. CV-10-00072 SBA, Docket No.10. In that action, Bhatia made claims against a possible witness for the prosecution, Manmohan Wig, but also brought a motion seeking discipline against AUSA Corrigan, who was not a party or counsel to any party in that case. *See Bhatia v. Wig*, Case No. CV-10-10072 SBA.

Given the past and pending criminal prosecution of Bhatia by AUSA Corrigan, it is evident that he is motivated by a desire to retaliate and harass those who he views as in some way responsible for his current incarceration and his possible future conviction. The primary focus of this retaliation has been Corrigan and Berry, either as explicit defendants or as the subject of allegations in cases against related federal entities or non-federal witnesses. All of these frivolous filings have placed a needless burden on the courts and the parties who have been required to respond to the repeated frivolous filings. This Court should prevent future abuse by Bhatia by issuing an order restricting Bhatia's future filings.

**D.     The Proposed Order is Narrowly Tailored.**

This motion seeks a limited pre-filing order relating only to civil claims by Bhatia against federal parties. Defendants request an order requiring Bhatia to obtain this Court's permission prior to filing a civil action *in propria persona* against AUSA Corrigan, FBI Agent Berry, or the entities and individuals closely related to them professionally. Given Bhatia's penchant for repackaging his claims, it is somewhat difficult to predict what the next version of his claim may be or whom he may choose as the nominal defendants. Accordingly, the order should relate to any future civil actions brought against the United States of America or any of its departments, agencies, or employees. At a minimum, the order should include claims against Assistant United States Attorney Stephen G. Corrigan, FBI Agent Janet Berry, the United States of America, the Office of the United States Attorney for the Northern District of California, the United States Department of Justice, the Federal Bureau of Investigation, the Attorney General of the United States, the United States Attorney for the Northern District of California, and any Assistant United States Attorneys for the Northern District of California.

Such an order should require that, prior to the Court permitting any such filing, the proposed filing should be referred to the Honorable Saundra Brown Armstrong for review. Should Judge Armstrong wish further input, the Office of the United States Attorney should be given notice and an opportunity to be heard. If the Court finds that the proposed claim is arguably colorable, Bhatia's right to civil redress will not be substantively affected. The order would, however, inhibit Bhatia's ability to continue to abuse the legal system and will save the defendants, related individuals and entities, and the Court from the time, annoyance, and expense of responding to Bhatia's continued frivolous claims.

A less restrictive order would not achieve this result. For example, limiting the order to claims only against Corrigan and Berry would not prevent Bhatia from repackaging the claims, as he has already done, as allegations against federal entities or individuals professionally related to Corrigan or Berry. In reviewing any future proposed filings, the Court can determine if they are unrelated to the raft of frivolous claims described herein. If unrelated, and if they state colorable claims, they can be allowed. If, however, they are yet another attempt by Bhatia to harass and

1 intimidate those connected with his criminal prosecution, the Court can prevent such future
2 abuse.

## IV. CONCLUSION

Given Bhatia's documented history of filing repeated complaints and motions, which this Court has already found to be "abusive" and "frivolous," it is time for the Court to require Bhatia to obtain leave of this Court prior to filing any future *in propria persona* civil cases against any federal defendant. Accordingly, the Court should impose the limited pre-filing screening order requested by this motion.

Respectfully submitted,

DATED: September 17, 2010

MELINDA HAAG
United States Attorney

/s/ Claire T. Cormier
_____
CLAIRE T. CORMIER
Assistant United States Attorney

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR AN ORDER FINDING PLAINTIFF A VEXATIOUS LITIGANT; DECLARATION OF CLAIRE T. CORMIER AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION FOR AN ORDER FINDING PLAINTIFF A VEXATIOUS LITIGANT**

to be served this date upon the party in this action by placing a true copy thereof in a sealed envelope, and served as follows:

√       **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____    **PERSONAL SERVICE (BY MESSENGER)**

____    **FACSIMILE (FAX)**  Telephone No.:_____

to the party addressed as follows:

Lal Bhatia
Register Number 97562-011
FCI Dublin
Federal Correctional Institution
5701 8th Street – Camp Parks
Dublin, CA 94568

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 17th day of September, 2010, at San Jose, California.

/s/ Claire T. Cormier
_____
Claire T. Cormier