IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAL BHATIA,<br><br>　　　　Petitioners,<br><br>　v.<br><br>OFFICE OF THE UNITED STATES ATTORNEY, NORTHERN DISTRICT OF CALIFORNIA,<br><br>　　　　Defendant.<br>_____/ | No. C-09-5581-SBA (EDL)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND MOTION TO SEAL; GRANTING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER** |

**Background**

This is a case brought by pro se prisoner Lal Bhatia against the Office of the U.S. Attorney for the Northern District of California based on allegations that an Assistant U.S. Attorney and an FBI Agent intentionally and willfully provided a grand jury with inaccuracies that led to Mr. Bhatia's indictment for wire fraud and money laundering and have refused to later correct these inaccuracies. Though not entirely clear, it appears that Mr. Bhatia is alleging that these individuals violated the Privacy Act, 5 U.S.C. § 552a(e)(5), which requires agencies to ensure that any records used in "making any determination about any individual" are "maintain[ed] ... with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5). Section 552a(d) requires agencies to entertain requests for amendment of records that are not "accurate, relevant, timely, or complete." Id. § 552a(d)(2). Plaintiff's complaint also contains a claim for "intentional/reckless infliction of emotional distress."

The complaint was filed on November 24, 2009, and Defendant filed a motion to dismiss on March 5, 2010. Judge Armstrong set a hearing on the motion to dismiss for July 20, 2010, but on May 19, 2010 she issued an order stating that she would rule on the papers and "no further

'memoranda, papers or letters may be filed [in connection with the motion to dismiss] without prior Court approval.'" See Dkt. # 25.  The motion to dismiss is currently pending before Judge Armstrong.  On September 17, 2010, Defendant filed a motion to declare Plaintiff a vexatious litigant, which Judge Armstrong has stated that she will decide on the papers and is also currently pending.  See Dkt. # 40.

On September 24, 2010, Plaintiff served a first set of 25 requests for admission, 25 interrogatories and 25 requests for production by mail.  Motion to Compel, Ex. 1.  Thus, pursuant to the federal rules, responses were due on October 27, 2010.  See Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3) (30 days to respond), 6(d) (3 days added for service by mail).  In a "meet and confer" letter sent the same day, Plaintiff stated that he needed responses to the discovery requests in order to respond to Defendant's motion to declare him a vexatious litigant, and demanded a response by October 8.  Motion to Compel, Ex. 2. He indicated that if a response was not received by that date, he would file a motion requesting expedited responses or an extension of time to respond to the vexatious litigant motion.  Id.  He filed his discovery requests and the accompanying letter with the Court on September 28.  On October 8, Plaintiff sent another "meet and confer" letter, in which he demanded responses by October 13, 2010.  Id., Ex. 4.  He filed this letter on October 14.  Id., Ex. 5.  On October 15, Defendant sent Plaintiff a response to his meet and confer letter, in which Defendants stated that the discovery requests appeared to be irrelevant and directed toward Plaintiff's criminal case, and indicated that it might file a motion for a protective order if the requests were not withdrawn.  On October 19, Plaintiff filed an opposition to the vexatious litigant motion (more than a week early), without having received responses to his discovery requests, and also filed the instant motion to compel responses to his discovery requests.  Dkts. # 32, 33.  Defendant responded by filing an opposition and cross-motion for a protective order striking Plaintiff's discovery requests.  Judge Armstrong referred the pending discovery motions to this Court for resolution.

For the following reasons, Plaintiff's motion to compel is DENIED, Defendant's motion for a protective order is GRANTED, and Plaintiff's motion to seal is DENIED.

**Legal Standard**

Under Rule 26(b) of the Federal Rules of Civil Procedure, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). However, for "good cause shown," a court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including: (1) prohibiting disclosure or discovery; (2) conditioning disclosure or discovery on specified terms; (3) preventing inquiry into certain matters; or (4) limiting the scope of disclosure or discovery to certain matters. Fed.R.Civ.P. 26(c)(1).

To obtain a protective order, the party resisting discovery or seeking limitations must show "good cause" for its issuance by demonstrating harm or prejudice that will result from the discovery. Fed.R.Civ.P. 26(c); Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1210-1211 (9th Cir.2002). Whether or not a protective order is entered in any case is subject to the discretion of the court. See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984) (holding that Rule 26(c) confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required").

**Analysis**

Plaintiff's Motion to Compel seeks to compel responses to all of his pending discovery requests. Defendant's opposition and cross-motion for a protective order asks the Court to strike the pending discovery requests and stay discovery until after an order on the motion to dismiss is issued and the pleadings are settled. Defendant argues that Plaintiff's discovery requests are yet another attempt by Plaintiff to improperly use the civil courts to defend himself against criminal charges.

**A.    Motion to Compel**

Though not entirely clear, it appears that Plaintiff moves to compel responses to all of his discovery requests on grounds that the information sought is relevant to: (1) the Court's jurisdiction over the alleged Privacy Act violation, (2) the Court's jurisdiction to assess criminal penalties against individual government agents, and (3) the factual basis supporting his allegations against the individual agents. Motion at 8-9. It appears that he believes that this information will supplement his oppositions to the pending motion to dismiss and motion to declare Plaintiff a vexatious litigant.

3

However, his motion does not tie in any specific discovery request to any of these topics or otherwise explain how any request seeks information relevant to a claim or defense in this civil action. See Fed. R. Civ. P. 26(b).

In support of his motion, Plaintiff relies on a Ninth Circuit case holding that an "appellate court will not interfere with the trial court's refusal to grant discovery [prior to dismissal based on lack of jurisdiction] except upon the clearest showing that the dismissal resulted in actual and substantial prejudice to the litigant; such a refusal is not an abuse of discretion when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." Wells Fargo & Co. v. Wells Fargo Exp. Co., 556 F.2d 406, 430 (9th Cir. 1977). In Wells Fargo, the Ninth Circuit noted, however, that discovery "should be granted where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary." Id.

The Court has examined the discovery requests in question and they appear to seek admissions, documents and facts relating to Plaintiff's underlying criminal convictions that are irrelevant to the legal questions at issue in the pending motion to dismiss. See Dkt. # 12 (Motion to Dismiss) (questions include whether plaintiff's claims under the Privacy Act are barred because the law enforcement records sought are exempt from the Act, whether the Court lacks subject matter jurisdiction over plaintiff's tort claim because Plaintiff has not exhausted his administrative remedies and his claims are essentially libel/slander claims which are barred by the FTCA, and whether plaintiff is entitled to attorney's fees as a pro se litigant). Judge Armstrong has ordered that no additional memoranda, papers or letters may be filed in connection with the motion to dismiss. Further, the motion to compel was filed months after the motion to dismiss for lack of subject matter jurisdiction was fully briefed, and concurrently with Plaintiff's opposition to the vexatious litigant motion.

Additionally, although Plaintiff claims that he needs the discovery to oppose the vexatious litigant motion, he filed his opposition to that motion nine days early, and concurrently with this motion, without moving for an extension of time for the opposition despite knowledge that this was an option. See Motion to Compel Ex. 2 (meet and confer letter indicating that he would file a

4

motion for extension of time to oppose vexatious litigant motion if discovery responses not forthcoming). Plaintiff's argument appears to be that he needs discovery establishing the truth of his allegations relating to the accused governmental agents' wrongdoing in order to show that his litigation tactics are not abusive or vexatious, but does not explain what the discovery responses would add to his previously-filed opposition, other than that he believes the information will show that the motion was filed without justification and with ulterior motives. See Reply at 20-21. The Court has not located any case allowing discovery on the merits of an underlying case to oppose a vexatious litigant motion. On Reply[1], Plaintiff also contends that all of his discovery is necessary to establish the merits of his claims under the Privacy Act. See Reply at 12-15. However, he still does not explain the connection between any of his pending discovery requests and any claim or defense, and does not explain why the discovery is necessary to respond to either of the pending motions.

For the foregoing reasons, Plaintiff has not shown that his discovery is necessary or relevant to the preliminary motions pending before Judge Armstrong, and has not shown why merits discovery is needed before the pleadings are settled. Thus, and in connection with the analysis of the motion for a protective order below, Plaintiff's motion to compel is DENIED.

**B.     Cross-Motion for Protective Order Striking Discovery Requests or Staying Discovery Until A Ruling on the Motion to Dismiss Issues**

Defendant first argues that the court has the discretion to stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief. See Wood v. McEwen, 644 F.2d 797, 801-802 (9th Cir. 1981). Defendant contends that Plaintiff will be unable to state a claim for the reasons included in its pending motion to dismiss. This Court will not opine on the merits of Defendant's motion to dismiss currently pending before Judge Armstrong, but prior rulings suggest it may well be granted at least in part. However, the Court does not rely on this possibility as a basis for

---

[1] Plaintiff's reply brief is 25 pages, many of which are single spaced, in violation of Local Rule 7-3(c). Plaintiff, although pro se, has significant experience with litigation in this district (see Defendant's motions to declare Plaintiff a vexatious litigant detailing his experience in this district) and is therefore presumed to have knowledge of the local rules. Plaintiff is admonished for failure to follow the local rules and is reminded that briefs in excess of the page limits set forth in the rules may not be considered in their entirety, though in this instance the Court has considered Plaintiff's reply in its entirety.

granting Defendant's motion.

In support of its motion, Defendant also cites <u>Committee for Immigrant Rights of Sonoma County v. County of Sonoma,</u> 644 F.Supp.2d 1177, 1210 -1211 (N.D.Cal. 2009), a case in which the court denied a motion to compel and granted a motion for protective order, and imposed a limited stay of discovery whereby the governmental defendants were not required to respond to pending discovery and no new discovery could be propounded until the pleadings were settled. The court relied in part on the purposes of the individual defendants' qualified immunity defense, which is "not only to permit the accused government official to avoid liability, but also to free that official from the disruptions, inconvenience and expense of discovery, a goal that would be defeated if discovery were permitted." <u>Id</u>. The defendant in this case, as a federal governmental agency, is not entitled to the same qualified immunity defense at issue in <u>Committee for Immigrant Rights of Sonoma County</u>. However, the policies and purposes underlying the doctrine of federal sovereign immunity and the exceptions to the FTCA, the immunities relied on by Defendant in this case, are somewhat analogous. Thus, a stay of discovery until the pleadings are settled is appropriate.

Plaintiff opposes the motion for a protective order on grounds that Defendant has not met its burden of showing that specific harm or prejudice will result if no protective order is granted. <u>See</u> Reply at 16. Plaintiff is correct that Defendant has not explained why any one particular document should not be subject to discovery. However, unlike the cases cited by Plaintiff where a third party sought to intervene to obtain access to a particular document, here Defendant argues that it should not be required to undergo the expense and burden of responding to any discovery until after the purely legal, jurisdictional questions are answered and the pleadings are settled. Defendant has met the Rule 26(c) "good cause" standard by showing that the discovery is irrelevant to the pending motions and will be unnecessary if the case is disposed of at the motion to dismiss stage. Therefore, Defendant's motion is GRANTED. Defendant need not respond to the outstanding discovery requests, which are hereby stricken, and discovery is stayed until the pleadings are settled and the Court determines that discovery may proceed.

### C. Motion to Seal

In connection with his reply to his motion to compel and opposition to Defendant's motion

1  for protective order, Plaintiff has filed a motion to seal his own declaration detailing his factual
2  contentions relating to his underlying criminal convictions and related issues.  He contends that there
3  is good cause for sealing the entire declaration because "the same information is being used for other
4  investigations regarding the same matters in other pending or yet-to-be-filed cases.  Revealing the
5  information would jeopardize the success of those investigations and subject certain individuals to
6  threat and harm."  Motion to Seal at 3.

7  Based on Plaintiff's conclusory and vague statements about the confidentiality of the
8  information contained in his declaration, it is unclear if there is good cause for sealing the entire
9  declaration.  He mentions that disclosure would subject unidentified individuals to unspecified threat
10 and harm, but does not explain how this rises to the level of "privileged or protectable" information
11 "entitled to protection under the law."  See Local Rule 79-5(a).  More importantly, however, the
12 Court need not consider Plaintiff's declaration to rule on the motions before it, as the facts
13 underlying his criminal conviction are irrelevant to these discovery motions.  See U.S. v. Avalos,
14 2007 WL 2750688, *1 (E.D. Cal. 2007) (holding that "[a] party filing motions to seal or redact
15 'should carefully consider not only whether a document or a portion thereof warrants sealing, but
16 whether what [it] deems to be confidential is relevant' to an issue in the case," denying the motion,
17 and ordering the clerk to return irrelevant documents to counsel).  Thus, the Court hereby DENIES
18 Plaintiff's Motion to Seal and Orders the Clerk to return the "confidential" declaration to Plaintiff.

19  **IT IS SO ORDERED.**

20  Dated: December 17, 2010

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

7