UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LAL BHATIA,<br><br>  Plaintiff,<br><br>vs.<br><br>OFFICE OF THE UNITED STATES ATTORNEY, NORTHERN DISTRICT OF CALIFORNIA, AND DOES 1-50,<br><br>  Defendants. | Case No: C 09-5581 SBA<br><br>Related to:<br>C 08-04208 SBA<br>C 10-00072 SBA<br>CR 05-00334 SBA<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Docket 12, 50 |

The instant lawsuit is one of a number of pro se civil actions brought by Plaintiff Lal Bhatia ("Bhatia") based on allegations that Assistant United States Attorney Stephen Corrigan ("AUSA Corrigan") and Federal Bureau of Investigations Agent Janet Berry ("Agent Berry") knowingly provided "inaccurate material information" to the grand jury, which, in turn, led to his indictment in the pending criminal action styled as <u>United States v. Lal Bhatia, et al.</u>, CR 05-00334 SBA. Plaintiff has now filed the instant action against the Office of the United States Attorney ("Defendant"), alleging that AUSA Corrigan and Agent Berry's alleged failure to correct their allegedly false statements to the grand jury violates his rights under the Privacy Act of 1974 ("the Act"), 5 U.S.C. § 552a, et seq. He also alleges a claim for intentional infliction of emotional distress ("IIED").

The parties are presently before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint which is brought pursuant to Federal Rules of Civil Procedure

12(b)(1) and 12(b)(6). Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I.   BACKGROUND

### A.   FACTS RELATING TO THE UNDERLYING INDICTMENT

Beginning in or about 2003, Bhatia met with representatives of two entities, Carlton Orlando LLC ("Carlton") and Inderra Houston ("Inderra"), which were interested in obtaining financing for their respective construction projects. These negotiations culminated in a face-to-face meeting at a private club located in Las Vegas, Nevada, with a wealthy businessman and financier, whom Bhatia represented to be "Sir Richard Benson." Sir Richard Benson was, in actuality, a fictitious character played by co-conspirator Henri Berger ("Berger"). Following the meeting, Carlton and Inderra wired various payments to accounts maintained by Bhatia, as advance fees for securing the financing. After collecting the fees, Bhatia and his co-conspirators continued their scheme by lulling Carlton and Inderra into believing that the loans would be funded shortly, which they never were.

On October 14, 2004, Inderra filed a civil suit in the United States District Court for the Southern District of Texas against various parties, including Bhatia, for fraud, breach of contract and breach of fiduciary duty, among other causes of action. See Inderra Houston v. Gerry Florent, et al., U.S. Dist. Ct., S. Dist. Tex., Case No. H-04-CV-3961. During the course of the action, various depositions were taken, including those of Ralph Abercia Sr. and Ralph Abercia Jr., who were principals and officers of Inderra. On November 15, 2005, while various motions remained pending, Inderra moved to voluntarily dismiss the action. On November 17, 2005, the district court dismissed the claims alleged against Bhatia, with prejudice.

In the meantime, on May 26, 2005, a grand jury seated in the Northern District of California returned an indictment against Defendants Bhatia, Berger, Marzban Mody and Steven Shelton, charging them with wire fraud and money laundering, based on their

involvement in above-described fraudulent scheme.  Bhatia moved to dismiss the indictment on the ground that the dismissal filed in the Texas civil action precluded the government, under the doctrine of collateral estoppel or res judicata, from pursuing the instant criminal action.  See CR 05-00334 SBA, Dkt. 262.  On September 4, 2007, the Court denied the motion.  Id. Dkt. 275.  The Ninth Circuit affirmed the Court's ruling in a published disposition on September 24, 2008.  United States v. Bhatia, 545 F.3d 757 (9th Cir. 2008), cert. denied, 130 S.Ct. 127 (2009).

On June 6, 2010, Bhatia filed a motion styled as a "Motion to Dismiss Indictment As FBI Agent Berry and AUSA Corrigan's Material Falsehoods Caused the Grand Jury, the Indictment No Longer to be a Grand Jury, the Indictment No Longer to be an Indictment Thereby Giving Rise to the Defendant's Constitutional Right Not to be Tried," which the Court construed as a motion to dismiss based on prosecutorial misconduct.  See CR 05-00334 SBA, Dkt. 486.[1]  The crux of the motion was that AUSA Corrigan and Agent Berry made material misrepresentations to the grand jury in order to secure an indictment against him.  Bhatia claimed that the deposition testimony of Messrs. Abercia Jr. and Abercia Sr. in the Texas civil action established that another individual, Gerry Florent, alone had deceived them into paying the advance fees.  Id. Dkt. 486-1 at 11-12.  Bhatia argued that AUSA Agent Berry allegedly knew of this information but failed to communicate it to the grand jury.  Id. at 12.  In addition, Bhatia maintained that he provided his allegedly correct version of events to AUSA Corrigan, but that he did nothing to correct the record.  Id.

The Court considered the arguments presented by Bhatia and reviewed the voluminous attachments proffered in support of the motion, and concluded that "none of the cited deposition testimony supports the conclusion that Bhatia had no part in the

---

[1] Earlier in the case, on November 12, 2009, Bhatia, acting pro se, filed an identical motion to dismiss based on "Corrigan's and Berry's [sic] material misrepresentations in the grand jury resulting in the return of a facially defective indictment."  CR 05-00334, Dkt. 450 at 6.  On May 19, 2010, the Court denied the motion without prejudice on the ground that Bhatia was represented by counsel, and therefore, the submission of a pro se motion was improper.  Id. Dkt. 476.  The renewed motion to dismiss submitted by Bhatia's counsel of record at that time was simply cut and pasted from Bhatia's pro se motion.  Compare id. Dkt. 450 with Dkt. 486-1.

1  fraudulent scheme or otherwise negates his criminal culpability for wire fraud and money
2  laundering."  See Bhatia, 2010 WL 2763024, at *2.  Thus, the Court denied the motion in a
3  written order issued on July 13, 2010.  Id.  Bhatia filed a notice of appeal from the Court's
4  denial of his motion.  The Ninth Circuit subsequently dismissed Bhatia's appeal for lack of
5  jurisdiction.  See United States v. Bhatia, No. 10-10349, slip. op. at 1 (9th Cir. Oct. 12,
6  2010).

7  On March 17, 2011, Bhatia pleaded guilty to counts one (wire fraud, 18 U.S.C.
8  § 1343) and four (money laundering, 18 U.S.C. § 1957(a)), of the indictment.  See CR 05-
9  00334 SBA, Dkt. 553.  Sentencing is scheduled for September 7, 2011.  Berger entered a
10 guilty plea on count one of the indictment the same day as Bhatia.  Mody and Marzban
11 entered guilty pleas on March 29, 2011.

12       **B.**     **THE INSTANT ACTION**

13 On November 24, 2009, Bhatia filed the instant action against the United States
14 Attorney's Office under the Privacy Act, based on allegations that AUSA Corrigan and
15 Agent Berry "intentionally and willfully provided the Grand Jury with material
16 inaccuracies, resulting in an indictment returned in criminal case CR-05-00334-SBA . . . ."
17 Compl. ¶ 6.  Like his failed motion to dismiss for prosecutorial misconduct filed in CR 05-
18 00334 SBA, Bhatia relies on prior deposition testimony from the Texas civil action and
19 claims that Gerry Florent was singularly responsible for the fraudulent scheme.  Id. ¶ 10.
20 Bhatia denies any culpability for the conduct that forms the basis of the indictment in CR
21 05-00334 SBA, and claims that AUSA Corrigan and Agent Berry were aware of his
22 purported lack of involvement.  Id. ¶ 12.

23 The Complaint presents three claims for relief.  In his first and second claims, Bhatia
24 alleges that Defendant violated the Privacy Act by failing to correct and amend the
25 "inaccuracies" discussed above, as demanded in his letter of February 1, 2009.  His third
26 claim is for IIED.  Bhatia seeks recovery of damages, attorney's fees and punitive damages.

27 In response to the Complaint, Defendant has filed a Motion to Dismiss.  Dkt. 12.
28 Defendant argues that because Plaintiff's criminal action remains pending, he lacks

standing on the ground that he cannot show the requisite injury-in-fact. Alternatively, Defendant challenges Plaintiff's claims on the merits, arguing that the records at issue are exempt from the Privacy Act because they are maintained for law enforcement purposes, and otherwise are beyond the purview of the Act. Defendant also argues that the Court lacks jurisdiction to consider Plaintiff's IIED claim on the ground that he failed to exhaust his administrative remedies under the Federal Tort Claims Act ("FTCA"). After the close of briefing, Plaintiff submitted a motion for leave to file a request for judicial notice and supplemental declaration. Dkt. 50. The motions are fully briefed and are ripe for adjudication.[2]

## II.  LEGAL STANDARD

### A.  RULE 12(B)(1)

A defendant may move to dismiss a complaint under Rule 12(b)(1) for lack of standing. See Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1122 (9th Cir. 2010) ("Because standing and ripeness pertain to federal courts' subject matter jurisdiction, they are properly raised in a Rule 12(b)(1) motion to dismiss.") (citations omitted). The failure to exhaust administrative remedies under the FTCA also may be raised by way of a Rule 12(b)(1) motion. See Goodman v. United States, 298 F.3d 1048, 1054-55 (9th Cir. 2002).

A Rule 12(b)(1) challenge to subject matter jurisdiction can be "facial," in which case the Court assumes the plaintiff's factual allegations to be true and draws all reasonable inferences in its favor. Doe v. See, 557 F.3d 1066, 1073 (9th Cir. 2009); Castaneda v. United States, 546 F.3d 682, 684 n.1 (9th Cir. 2008). Or, the motion may be a "factual" or "speaking" motion, where the movant may submit materials outside the pleadings to support its motion. In that case, "'[i]t then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction.'" Colwell v. Dept.

---

[2] Defendant's motion for an order finding Plaintiff to be a vexatious litigant, Dkt. 28, will be addressed in a separate order.

of Health and Human Servs., 558 F.3d 1112, 1121 (9th Cir. 2009) (quoting St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989)).  However, a facial attack need not be converted to a speaking motion where "the additional facts considered by the court are contained in materials of which the court may take judicial notice."  Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994) (citation omitted).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P 12(h)(3).

   **B.    RULE 12(B)(6)**

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  A complaint must allege "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), and "give the defendant fair notice of what ... the claim is and the grounds upon which it rests," Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks omitted).  The Court "accept[s] as true all well-pleaded allegations of material fact, and construe[s] them in the light most favorable to the non-moving party."  Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).  Pleadings submitted by a pro per litigant are to be liberally construed.  See Balistreri, 901 F.2d at 699.

Although a court generally is confined to the pleadings on a motion to dismiss, "[a] court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  "If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986).

### III. DISCUSSION

#### A. ARTICLE III JURISDICTION

Federal courts have a duty to examine their jurisdiction sua sponte before proceeding to the merits of a case. See S. Pac. Transp. Co. v. City of Los Angeles, 922 F.2d 498, 502 (9th Cir. 1990). "The Article III case or controversy requirement limits federal courts' subject matter jurisdiction by requiring, inter alia, that plaintiffs have standing and that claims be 'ripe' for adjudication." Chandler, 598 F.3d at 1121-22 (citing Allen v. Wright, 468 U.S. 737, 750 (1984)). "Standing addresses whether the plaintiff is the proper party to bring the matter to the court for adjudication," while "[t]he related doctrine of ripeness is a means by which federal courts may dispose of matters that are premature for review because the plaintiff's purported injury is too speculative and may never occur." Id.

"Standing is determined as of the commencement of litigation." Biodiversity Legal Found. v. Badgley, 309 F.3d 1166, 1170 (9th Cir. 2002). To establish standing, there must be the "irreducible constitutional minimum" of an injury-in-fact. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). An injury-in-fact is "an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." Id. (internal citations and quotation marks omitted). Here, Bhatia has failed to meet his burden of establishing standing. The alleged injury underlying Bhatia's claims is that he allegedly was wrongly indicted in CR 05-00334 SBA on charges of money laundering and wire fraud. See, e.g., Compl. ¶ 7 ("As a result of the knowing and intentional use of the material inaccuracies by Corrigan and Berry, the Grand Jury returned an indictment charging Plaintiff with three counts for wire fraud in violation of 18 U.S.C. § 1343 and four counts for Money Laundering in violation of 18 U.S.C. § 1957."); see also id. ¶¶ 6, 8, 9. Since those charges are currently pending, Bhatia cannot show, at this juncture, that he was injured by the return of the criminal indictment.

Although neither party addresses the issue of ripeness, the Court also finds that, for essentially the same reasons as set forth above, Bhatia's claims are unripe. See United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004)

1 ("a district court's duty to establish subject matter jurisdiction is not contingent upon the
2 parties' arguments"). "The central concern of the ripeness inquiry is whether the case
3 involves uncertain or contingent future events that may not occur as anticipated, or indeed
4 may not occur at all." Chandler, 598 F.3d at 1122 (internal quotations and brackets
5 omitted). In this case, Bhatia is attempting to collaterally attack the validity of the criminal
6 indictment in CR 05-00334 SBA under the guise of Privacy Act claims and a common law
7 claim for IIED. The validity or invalidity of the criminal charges contained in the
8 indictment cannot be determined until the criminal action is finally resolved. Since
9 Bhatia's injury, if any, is dependent upon the outcome of his criminal case, his claims in
10 this action will not ripen (if at all) until that action is finally concluded.[3]

11    Notably, Bhatia's opposition largely attempts to sidestep the threshold issue of
12 subject matter jurisdiction and otherwise fails to address the United States' arguments.
13 Instead, Bhatia simply asserts that the issue of jurisdiction is intertwined with the merits of
14 his claims, and therefore, the matter must be resolved on a motion for summary judgment.
15 This contention lacks merit. The Court's assessment of standing and ripeness are based on
16 the facts alleged in the Complaint, which are accepted as true, as well as matters subject to
17 judicial notice. Bhatia has unequivocally identified the harm purportedly caused by AUSA
18 Corrigan and Agent Berry's alleged conduct as the allegedly improper return of an

---

[3] As an alternative matter, Plaintiff's recent guilty plea effectively vitiates any claim that the indictment is invalid. See Tollett v. Henderson, 411 U.S. 258, 266 (1973).

1 indictment in CR 05-00334 SBA.  Given these allegations, Bhatia's lack of standing and
2 the unripeness of his claims are readily apparent from the face of the pleadings.[4]

### B. MERITS

The Court's determination that it lacks subject matter jurisdiction over the instant action obviates the need to address the merits of Bhatia's claims.  Nonetheless, the Court finds, as an alternative matter, that Bhatia has failed to allege any viable legal claims.

#### 1. Privacy Act Claims

"The Privacy Act was designed to 'protect the privacy of individuals' through regulation of the 'collection, maintenance, use, and dissemination of information' by federal agencies."  Rouse v. U.S. Dept. of State, 567 F.3d 408, 413 (9th Cir. 2009) (quoting, in part, 5 U.S.C. § 552a note).  "Broadly speaking, there are two types of Privacy Act claims: 'accuracy' claims and 'access' claims."  Id.  An *accuracy* claim is based on the agency's obligation to "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination."  Id. (quoting 5 U.S.C. § 552a(e)(5)).  In addition, the agency must make reasonable efforts to ensure the accuracy of such information "prior to disseminating any record about an individual to any person other than an agency . . . ."  Id. (quoting 5 U.S.C. § 552a(e)(6)).  In contrast, an *access* claim is based on the requirement that the agency provide an individual with access to his records, upon request.  Id. (citing 5 U.S.C.

---

[4] In its reply, Defendant asserts that it is challenging Bhatia's Privacy Act claims only under Rule 12(b)(6), and not Rule 12(b)(1).  Def.'s Reply at 10.  Yet, in its moving papers, Defendant affirmatively argues that "Plaintiff does not have standing to bring his claims," ostensibly because he has not shown a "'personal injury fairly traceable to defendant's allegedly unlawful conduct….'"  Id. (citing Allen, 468 U.S. at 751).  As the Ninth Circuit has succinctly stated, "[s]tanding is a threshold matter central to our subject matter jurisdiction."  Bates v. United Parcel Serv., Inc., 511 F.3d 974, 985 (9th Cir.2007) (en banc).  Because standing "pertain[s] to a federal court's subject-matter jurisdiction under Article III, [it is] properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), not Rule 12(b)(6)."  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).  Thus, despite Defendant's apparent confusion, the Court construes its standing argument has having been brought under Rule 12(b)(1).

§§ 552a(d)(1) & 552a(g)(1)(B)).  The Act provides for various civil remedies for violations of these provisions.  5 U.S.C. § 552a(g)(1).

Bhatia's first cause of action alleges that Defendant violated § 552a(d)(2) by failing to:  (1) acknowledge his written request to amend and correct the "material factual inaccuracies"; (2) correct these alleged inaccuracies; and (3) inform him of its refusal to amend the record and the reasons underlying that decision.   Compl. ¶¶ 31-39.  In his second cause of action, Bhatia complains that Defendant failed to comply with § 552a(e)(5), which obligates agencies to "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination," and § 552a(e)(6), which states that "prior to disseminating any record about an individual to any person other than an agency . . . make reasonable efforts to assure that such records are accurate, complete, timely, and relevant for agency purposes[.]"  See Compl. ¶¶ 43-44.

Defendant argues that all of Bhatia's Privacy Act claims, except for his claim under § 552a(e)(6), are subject to the exemptions promulgated by the Department of Justice ("DOJ").  The Act permits agencies to "promulgate rules . . . to exempt any system of records within the agency from any part of this section," except for specific subsections that are not at issue here.  5 U.S.C. § 552a(j); Exner v. F.B.I., 612 F.2d 1202, 1204 (9th Cir. 1980).  Germane here are regulations promulgated by the DOJ that exempt the U.S. Attorney's Office from the requirements of the Act with respect to civil and criminal law enforcement and investigatory records.  See 28 C.F.R. § 16.81(a); see also id. § 16.81(d)(3) (exemption from § 552a(d)); id. § 1681(d)(8) (exemption from § 552a(e)(5)).  Though Bhatia fails to identify any particular records that he claims are inaccurate, it is plain that he is seeking the amendment of records pertaining to a criminal investigation.  Since the records at issue are exempt from disclosure under these regulations, the Act does not afford Bhatia any civil remedy based on the allegations that Defendant violated § 552a(d) and 552a(e)(5).  See Alexander v. United States, 787 F.2d 1349, 1351 (9th Cir. 1986) (holding

1  that plaintiff was "barred from taking advantage of the civil remedies afforded by the
2  Privacy Act" as a result of DOJ regulations exempting arrest records maintained by
3  Identification Division Records System of the FBI).

4  The only provision of the Act cited by Bhatia that is not expressly exempted by DOJ
5  regulations is § 552a(e)(6), which requires agencies to make reasonable efforts to assure the
6  accuracy, completeness, timeliness and relevance of records prior to their dissemination.
7  The mere non-compliance with § 552a(e)(6) does not ipso facto state a civil claim,
8  however. Rather, "[t]he plaintiff must show, first, that a violation of . . . [§ 552a(e)(6)]
9  proximately caused the adverse effect; second, that the agency failed intentionally or
10 willfully to maintain records as required; and third, that he suffered actual damage."
11 Johnston v. Horne, 875 F.2d 1415, 1422 (9th Cir. 1989), overruled on other grounds by
12 Irwin v. Dep't of Veterans Affairs, 498 U.S. 89 (1990). "[W]illful" or "intentional" means
13 more than gross negligence. Id.

14 As before, Bhatia avers that AUSA Corrigan and Agent Berry violated § 552a(e)(6)
15 by failing "to amend the factual inaccuracies" prior to disseminating such information to
16 the grand jury. Compl. ¶ 43-46. According to Bhatia, the "factual inaccuracies" are the
17 charging allegations of the criminal indictment in CR 05-00334 SBA—from which the
18 Complaint quotes verbatim. Compl. ¶ 45(A). The allegedly "accurate material facts"
19 known by Agent Berry and AUSA Corrigan prior to their dissemination of the "inaccurate
20 material facts" to the grand jury consist of: (1) a letter from Bhatia to AUSA Corrigan,
21 dated February 1, 2009, in which Bhatia demands correction of various alleged "material
22 inaccuracies" concerning the indictment, Id. ¶ 45(B) & Appx. A, Dkt 1-1; and (2) excerpts
23 from the depositions of Messrs. Abercia Jr. and Abercia Sr. and Steve Tiemann, which
24 were taken in connection with the Texas civil action involving Inderra, id., & Exs. 1-3, Dkt.
25 1-2.

26 Notably, the above-referenced allegations, including the supporting exhibits cited in
27 support, are *identical* to those made in support of Bhatia's motion to dismiss for
28 prosecutorial misconduct. See CR 05-00334 SBA, Dkt. 486-1, Dkt. 10-11. As the Court

explained in its order denying Bhatia's motion to dismiss, "none of the cited deposition testimony supports the conclusion that Bhatia had no part in the fraudulent scheme or otherwise negates his criminal culpability for wire fraud and money laundering." Bhatia, 2010 WL 2763024, at *2. Having again reviewed the exhibits cited in Bhatia's Complaint, the Court concludes that the findings and conclusions which it previously made in connection with the motion to dismiss in the criminal case apply with equal force here. Stated another way, the documents cited by Bhatia in his Complaint, of which the Court takes judicial notice, does not establish that the allegations in the pending criminal indictment are inaccurate. In addition, Bhatia's recent admission of guilt in the criminal action undermines his allegations of inaccuracy. Thus, the Court finds that the alleged failure to disclose such information to the grand jury fails to state a claim under § 552a(e)(6).

### 2. IIED

"[T]he United States, as sovereign, is immune from suit, save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Dalm, 494 U.S. 596, 608 (1990) (citation and internal quotations omitted). "[T]he existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983); Vacek v. U.S. Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006). The FTCA provides for a limited waiver of sovereign immunity with respect to some common law torts; namely, suits for "money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment." 28 U.S.C. § 2675(a); see also Molzof v. United States, 502 U.S. 301, 305 (1992).

As a jurisdictional prerequisite to pursuing a claim under the FTCA, a plaintiff must exhaust administrative remedies prior to filing suit. 28 U.S.C. § 2675(a); Ibrahim v. Dep't of Homeland Sec., 538 F.3d 1250, 1258 (9th Cir. 2008) ("the Federal Tort Claims Act … only waives sovereign immunity if a plaintiff first exhausts his administrative remedies.").

To satisfy this requirement, plaintiff must submit an administrative claim to the appropriate federal agency, which must be finally denied in writing before plaintiff commences a civil action.  Blain v. United States, 552 F.2d 289, 291 (9th Cir. 1977).  The obligation to exhaust administrative remedies may not be waived.  Id.  "Because the [exhaustion] requirement is jurisdictional, it must be strictly adhered to."  Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000).

Here, Bhatia does not dispute that his IIED claim is governed by the FTCA nor does he dispute that he did not exhaust the administrative claim process prior to filing suit.  Having failed to satisfy the jurisdictional prerequisites to maintaining a suit under the FTCA, Plaintiff cannot proceed on his claims against Defendant.  See Brady, 211 F.3d at 502-503 (9th Cir. 2001) (affirming dismissal of action for lack of subject matter jurisdiction where plaintiff "failed to comply with that statute's jurisdictional requirement that she file an administrative claim").  Defendant's motion to dismiss Bhatia's IIED claim for lack of subject matter jurisdiction is therefore GRANTED.

### 3. Plaintiff's Request for Leave to File Request for Judicial Notice and Supplemental Declaration

On January 24, 2011, well after Defendant filed its reply in support of its motion to dismiss, Bhatia filed a Request Pursuant to Civil L.R. 7-3(d) Seeking Leave to File Request for Judicial Notice and Lal Bhatia's First Supplemental Declaration.  Dkt. 50.  Bhatia requests that the Court take judicial notice of:  (1) various allegations contained in his complaint filed in Lal Bhatia v. Manmoham K. Wig, et al., No. C 10-00072 SBA; (2) facts "deemed admitted" by the defendant Manmoham Wig ("Wig") in that action resulting from his alleged failure to respond to Bhatia's requests for admission; (3) a declaration, dated November 5, 2010, which Bhatia filed in that action; and (4) various newspaper articles in which Wig allegedly admitted to having engaged in money laundering and other illegal activity.  Bhatia also seeks to submit a supplemental declaration regarding the "ongoing investigation" into Wig's alleged wrongdoing.  Dkt. 50 at 20.

The Civil Local Rules preclude parties from submitting any memoranda or other papers to the Court in connection with a pending motion after the reply has been filed, except in two narrow circumstances.  Civil Local Rule 7-3(d) states:

> **(d) Supplementary Material.** Once a reply is filed, *no additional memoranda, papers or letters may be filed without prior Court approval, except as follows*:
>
>  (1) If new evidence has been submitted in the reply, the opposing party may file within 7 days after the reply is filed, an Objection to Reply Evidence, which may not exceed 5 pages of text, stating its objections to the new evidence, which may not include further argument on the motion.
>
> (2) Before the noticed hearing date, counsel may bring to the Court's attention a relevant judicial opinion published after the date the opposition or reply was filed by serving and filing a Statement of Recent Decision, containing a citation to and providing a copy of the new opinion–without argument.

Civ. L.R. 7-3(d) (emphasis added).  The matters of which Bhatia has requested the Court to take judicial notice and his supplemental declaration fall into neither of the two aforementioned provisions of Rule 7-3(d).  In addition, none of the information that Bhatia seeks to proffer has any bearing on the issues presented in Defendant's pending motion to dismiss.  The Court therefore DENIES Bhatia's Request Pursuant to Civil L.R. 7-3(d) Seeking Leave to File Request for Judicial Notice and Lal Bhatia's First Supplemental Declaration.

### IV.     CONCLUSION

The Court lacks subject matter jurisdiction to consider Bhatia's claims under the Privacy Act.  But even if the Court had jurisdiction, Bhatia has failed to state any legally viable claims.  Bhatia's claim for IIED is dismissed for failure to exhaust administrative remedies.   Accordingly,

IT IS HEREBY ORDERED THAT:

1.     Defendant's motion to dismiss is GRANTED.

2.     Bhatia's Request Pursuant to Civil L.R. 7-3(d) Seeking Leave to File Request for Judicial Notice and Lal Bhatia's First Supplemental Declaration is DENIED.

3. The Clerk shall close the file. No further motions or other requests may be filed with the Court unless specifically authorized by statute, the Federal Rule of Civil Procedure or the Court's Local Rules. Any further submissions shall be limited to ten (10) pages. Any documents filed in contravention of this Order will be stricken. Any violation of this Order may result in the imposition of sanctions.

4. This Order terminates Docket 12 and 50.

IT IS SO ORDERED.

Dated: March 29, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

|   |   |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
|   | FOR THE |
| 2 | NORTHERN DISTRICT OF CALIFORNIA |

LAL BHATIA,

       Plaintiff,

  v.

OFFICE OF THE UNITED STATES ATTORNEY et al,

       Defendant.
_____/

Case Number: CV09-05581 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 4, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lal Bhatia Reg. No. 97562-011
Federal Detention Center
5675 - 8th Street, Camp Parks
Dublin, CA 94568

Dated: April 4, 2011

                        Richard W. Wieking, Clerk

                              By: LISA R CLARK, Deputy Clerk